# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MERRILL HUNT,**
**Claimant Below, Petitioner**

**FILED**
October 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 13-0318** (BOR Appeal No. 2047530)
                            (Claim No. 2009079382)

**SWVA, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Merrill Hunt, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. SWVA, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 27, 2013, in which the Board affirmed a July 25, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 14, 2010, decision awarding 0% permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hunt worked for SWVA, Inc., doing various jobs over the last thirty years. Mr. Hunt claims that as a result of working at SWVA, Inc., he developed carpal tunnel syndrome in his left hand. Marsha Lee Bailey, M.D., was of the opinion that Mr. Hunt had reached the maximum degree of medical improvement and had 0% whole person impairment due to his employment with SWVA, Inc. Accordingly, the claims administrator granted 0% permanent partial disability. Mr. Hunt protested his 0% award. On appeal, Mr. Hunt seeks a 6% permanent partial disability award based upon the report of Bruce Guberman, M.D.

1

The Office of Judges affirmed the claims administrator's decision that Mr. Hunt was not entitled to any permanent partial disability. The Office of Judges, in reaching its conclusion, found the report of Jerry W. Scott, M.D., to be more credible and reliable than either the reports of Dr. Bailey or Dr. Guberman. The Office of Judges determined Dr. Guberman's report was flawed because it did not consider that Mr. Hunt was no longer working for SWVA, Inc., when his symptoms returned. Moreover, Dr. Guberman's report did not consider the alternative personal activities that could have caused Mr. Hunt's condition. The Office of Judges found Dr. Bailey's report to be less credible than Dr. Scott's report because her report was not representative of Mr. Hunt's medical condition at his maximum degree of medical improvement. The Office of Judges concluded Dr. Bailey examined Mr. Hunt while he was still experiencing minimal symptoms after his surgery. However, Dr. Scott had the benefit of examining Mr. Hunt while he was not experiencing symptoms after surgery. Accordingly, the Office of Judges relied on Dr. Scott's report, which recommended 0% permanent partial disability relating to Mr. Hunt's employment with SWVA, Inc. The Board of Review adopted the Office of Judge's findings and affirmed its Order.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. The evidence shows that Mr. Hunt quit working at SWVA, Inc., on May 29, 2009. Thereafter, Mr. Hunt had successful surgery in June of 2009, and was symptom free for some time. The evidence shows that Mr. Hunt redeveloped the symptoms of left carpal tunnel syndrome after his departure from SWVA, Inc. Since Dr. Scott's report takes into consideration Mr. Hunt's employment as a school bus driver, his personal activities, and his activities at SWVA, Inc., it is the most reliable and complete report.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2